PROB 12B
(7/93)

Report Date: October 14, 2009

# United States District Court

for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 14 2009

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Tyrone Yarbrough          Case Number: 2:05CR00118-001

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: 1/31/2007          Type of Supervision: Supervised Release

Original Offense: Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1)          Date Supervision Commenced: 4/24/2009

Original Sentence: Prison - 51 Months; TSR - 36 Months          Date Supervision Expires: 4/23/2012

## PETITIONING THE COURT

To modify the conditions of supervision as follows:

21    You shall reside in a residential reentry center for a period of up to 180 days. This placement may include a prerelease component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court. The Court orders that subsistence be waived while the offender is at the residential reentry center.

## CAUSE

The offender submitted positive urinalysis tests for methamphetamine at New Horizon Care Center on September 8 and September 21, 2009. The delay in reporting these to the Court was due to the offender originally denying use of illegal drugs. However, he subsequently admitted to this officer using methamphetamine on two occasions during the month of September 2009.

Mr. Yarbrough failed to show for his random drug test at New Horizon Care Center on September 27, 2009. On September 28, 2009, the offender was directed to report to the probation office and submit to drug testing. Mr. Yarbrough complied with this request and provided a urine sample that tested presumptive positive for opiates and amphetamine. Those results are pending from Kroll Laboratories in Richmond, Virginia. The offender admitted to using methamphetamine, which would explain the positive test result on September 28, 2009. On October 5, 2009, the offender tested presumptive positive for opiates. On October 13, 2009, this officer received confirmation from Kroll Laboratories that the offender's urine sample that he provided at New Horizon Care Center on October 5, 2009, was confirmed positive for morphine. This officer contacted the offender on October 13, 2009, and he admitted to eating poppy seed cake within the last 2 days. He is scheduled to provide a urine sample today at New Horizon Care Center and it is anticipated that this test will also test positive. On October 14, 2009, this officer received notification

Prob 12B
Re: Yarbrough, Tyrone
October 14, 2009
Page 2

that the offender tested presumptive positive for amphetamines and opiates at New Horizon Care Center. As a result, it should be noted that the offender's substance abuse treatment level has been increased to intensive outpatient.

This officer conducted a routine records check on Tyrone Yarbrough. The records check revealed that the offender was charged with hit and run on September 13, 2009. The Spokane County Sheriff's Office report indicates that on September 13, 2009, a deputy responded to 14908 E. Sprague, #6, in Spokane Valley, Washington, in reference to an accident. The deputy contacted Laura Yarbrough, the offender's wife. She informed the deputy that she went to bed at approximately 9:00 p.m. Her husband, Tyrone Yarbrough, indicated he would be going to bed shortly after her. Mrs. Yarbrough woke up about 11:30 p.m. and found that the offender was not home and their Toyota Camry, Washington license plate number 490RWX, was not in their driveway. Mrs. Yarbrough subsequently started texting the offender to find out where he was, however, he did not reply. At approximately 2:30 a.m., Mr. Yarbrough began banging on the front door of their home. Mrs. Yarbrough opened the door and realized her husband was injured. He started telling his wife that he was involved in a car accident. Mrs. Yarbrough then called 9-1-1. The offender told his wife that the car was next to a wall at the Wal-Mart store on Sullivan in the Spokane Valley. When the deputy arrived, he noticed Tyrone Yarbrough sitting on the couch being treated by medics. He was crying, had a small cut on his upper left arm and appeared disoriented. The deputy did not notice the smell of alcoholic beverages on his breath or person. The deputy then asked the offender what happened. Mr. Yarbrough informed the deputy that he was cleaning the house at about 9:00 p.m., and the next thing he knew, he was injured and he was banging on his front door. The offender told the deputy he does not remember taking the car or crashing the car, despite the fact that he told his wife he was involved in a car accident. The offender was transported to Deaconness Hospital.

The deputy subsequently drove to Wal-Mart. He observed the vehicle smashed into the west wall of the tire department of the Wal-Mart Store. The hole in the brick wall was about 2 feet in diameter. He also saw that a portion of wooden fence was destroyed. It appeared to the deputy that the offender was driving at a high rate of speed, when he drove through a fence and across a grass area into the wall of Wal-Mart. The total distance was approximately 100 feet. The offender then fled the scene and walked home. The store manager of Wal-Mart arranged to have a board placed on the wall, since the hole was large enough to allow an individual to enter the building. The offender was cited for hit and run. On September 22, 2009, this charge was amended to hit and run unattended vehicle. A pretrial conference is scheduled in this matter for October 19, 2009.

On October 9, 2009, this officer contacted the offender's case worker at the Washington State Department of Social and Health Services. His case worker confirmed that due to the offender's mental diagnosis of bi-polar disorder and his severe knee injury, he will be able to apply for and obtain social security. In addition, they indicate he is unable to work.

Mr. Yarbrough signed the "Waiver of Hearing to Modify Conditions of Supervised Release" on October 13, 2009. He understands the rationale behind this modification and agrees to abide by the added special condition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  10/14/2009

s/Brenda J. Kuest

Brenda J. Kuest
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[ ]  The Extension of Supervision as Noted Above
[X]  The Modification of Conditions as Noted Above
[ ]  Other

_____
Signature of Judicial Officer

Oct 14, 2009
Date

PROB 49
(3/89)

# United States District Court

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 14 2009

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

## Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

To modify the conditions of supervision as follows:

21    You shall reside in a residential reentry center for a period of up to 180 days. This placement may include a prerelease component, day reporting, and home confinement (with or without electronic monitoring, but not to include GPS) at the directions of the CCM and USPO. You shall abide by the rules and requirements of the facility. You shall remain at the facility until discharged by the Court. The Court orders that subsistence be waived while the offender is at the residential reentry center.

Witness: _____          Signed: _____
Brenda J. Kuest                                      Tyrone Yarbrough
U.S. Probation Officer                              Probationer or Supervised Releasee

October 13, 2009
Date